IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02233-BNB

PAUL LUNA VASQUEZ,

    Applicant,

v.

BRIGHAM SLOAN, Warden of Bent County Correctional Facility,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 03 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Paul Luna Vasquez, currently resides in Greeley, Colorado. Mr. Vasquez, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 while he was a prisoner in the custody of the Colorado Department of Corrections (DOC) and was incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. The Court must construe Mr. Vasquez's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Vasquez asserts that his due process rights were violated when the DOC sanctioned him with a loss of forty days of earned time credits in two disciplinary actions, which resulted in a change of his mandatory release date from October 19, 2010, to November 29, 2010. Mr. Vasquez further asserts that prior to the loss of the

forty days of earned time credits he had waived his parole hearing on May 19, 2010, electing to remain incarcerated until his mandatory release date. Mr. Vasquez contends that because he waived his parole hearing he is "deemed to have discharged his sentence to imprisonment" and any change of his mandatory release date due to the loss of earned time credits is a violation of the Double Jeopardy Clause. (Oct. 5 Application at 6.) Mr. Vasquez seeks a reinstatement of his earned time credits and release on mandatory parole on October 19, 2010.

On October 7, 2010, Magistrate Judge Boland ordered Respondent to file a Preliminary Response to the Application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On October 28, 2010, Respondent filed a Preliminary Response. Mr. Vasquez filed a Reply on November 15, 2010.

Respondent does not assert the issue of timeliness under 28 U.S.C. § 2244(d) as an affirmative defense. Respondent, however, does assert that Mr. Vasquez has not filed a state habeas action presenting the claims he raises in this action and that as a result he is barred from obtaining federal habeas relief. In his Reply, Mr. Vasquez asserts he filed a grievance that was denied by the DOC grievance officer, Anthony A. DeCesaro, and that his claims are properly raised in this action.

Mr. Vasquez is required to exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas petitioners, a § 2241 petitioner fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291

F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." **Dever v. Kan. State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See **Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard**, 404 U.S. at 278; see also **Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. See **Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Mr. Vasquez's DOC grievance was insufficient to exhaust his state court remedies. The letter Mr. Vasquez received from Mr. DeCesaro instructed him that the DOC grievance procedure may not be used to seek review of a DOC disciplinary conviction, parole board decisions, and/or sentence computation. Mr. DeCesaro further instructed Mr. Vasquez in the letter that he had not exhausted any administrative remedies because the DOC grievance procedure was not a valid method to review his

3

...

issues. It appears that Mr. Vasquez has a remedy available in state court under Colo. R. Crim. P. 35(c). Therefore, because Mr. Vasquez has failed to invoke one complete round of Colorado's established appellate review process to exhaust his claims, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the Court will dismiss the action for failure to exhaust available state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Vasquez has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that Mr. Vasquez's Motion to Amend Application (Doc. No. 12) is denied as moot.

DATED at Denver, Colorado, this 3rd day of December, 2010.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02233-BNB

Paul Luna Vasquez
1817 2nd Avenue, A7
Greeley, CO 80631

Chris W. Alber
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/3/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk